IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUESARA JAYJAY | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-14-3786 |
| SELENE FINANCE | * | |
| CHASE BANK, N.A. | | |
| LAURA O'SULLIVAN, ESQ. | * | |
| JONATHAN ELEFHANT, ESQ. | | |
| Defendants. | * | |

*****

MEMORANDUM

On December 3, 2014, plaintiff, a resident of Baltimore, Maryland, filed this action seeking to dismiss and stay the foreclosure sale action brought by Selene Finance in the Circuit Court for Baltimore City. She alleges violations of the "Truth-in-Lending Act, Federal Real Estate Settlement Procedures Act, Civil RICO, HAFA, HARP 2.0 and other unnamed mortgage relief acts." ECF No. 1. Plaintiff further asks this court to dismiss and/or stay the foreclosure sale and to take jurisdiction over the matter to mediate the loan modification process.[1] After careful review of the self-represented filing, I find it appropriate to summarily dismiss the matter.

Plaintiff has not paid the filing fee, but instead has filed a motion for leave to proceed in forma pauperis, ECF No. 2, which shall be granted. Title 28 U.S.C. § 1915 and 1915A permit an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any case that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(l).

---

[1] Plaintiff's motion to dismiss and/or stay the foreclosure was denied by court order on December 5, 2014. ECF No. 4.

This court is mindful of its obligation to construe liberally the pleadings of pro se litigants such as JayJay. *See Erickson* v. *Pardus,* 551 U.S. 8 9, 94 (2007). In evaluating a pro se complaint, a plaintiffs allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555-56 (2007). Nonetheless, liberal construction does not mean that I can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller* v. *Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990).

The court observes and plaintiff acknowledges that there is an ongoing state court property (foreclosure) matter involving the parties, originally filed in November of 2013. *See O'Sullivan v. JayJay*, *et al.*, 24O13004407, (Circuit Court for Baltimore City). I will abstain from deciding plaintiff's claims, pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), and its progeny. The *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 165 (4th Cir. 2008). " '*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action.'" *Williams v. Lubin,* 516 F.Supp.2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist,* 444 F.3d 237, 247 (4th Cir. 2006)).

All three elements of the *Younger* test are satisfied here. As discussed, foreclosure proceedings are ongoing in the Circuit Court for Baltimore City, satisfying the first element. The second element is satisfied because Maryland has a substantial interest in its property law. *See*

*Harper v. Pub. Serv. Comm'n of W. VA.,* 396 F.3d 348, 352 (4th Cir. 2005) ("[P]roperty law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention."); *Fisher v. Fed. Nat. Mortgage Ass'n,* 360 F.Supp. 207, 210 (D. Md. 1973). Finally, plaintiff has not raised any federal constitutional claims that would implicate the third element of the *Younger* test.  In any event, plaintiff has ample opportunity to raise any such claims in the state court proceedings.²

The *Younger* abstention doctrine prohibits this court from entertaining plaintiff's claims. Therefore the instant matter is subject to dismissal.  A separate order follows.


Dated this 12th day of December, 2014         /s/
                                              J. Frederick Motz
                                              United States District Judge

---

² Indeed, the state court docket reveals that on the same date she filed this complaint, Plaintiff filed in the state court: (1) an emergency motion for stay of foreclosure pending sale; (2) a motion for temporary restraining order/preliminary injunction; (3) a notice of complaint against mortgagee for federal violations; (4) and a motion to dismiss & stay foreclosure sale, request for federal mediation, and modification of existing FHA loan.  *See  O'Sullivan v. JayJay, et al.*, 24O13004407 (Circuit Court for Baltimore City) (copy attached).